IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 3:10CR170-5–HEH |
| | ) | |
| WILLIAM DAVEY, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
(Defendant's Motion to Dismiss Counts Three and Four of the Indictment; Amended Motion to Dismiss; Motion for Severance; and Motion to Reconsider Bill of Particulars)

On June 10, 2010, Defendant William Davey ("Davey") was charged along with twenty-six other defendants in a twelve-count Indictment. Individually, Davey was charged with Conspiracy to Violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), in violation of 18 U.S.C. § 1962(d) (Count 1); Conspiracy to Commit Violence in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(6) (Count 2); Violence in Aid of Racketeering, in violation of 18 U.S.C. §§ 1959 and 2 (Count 3); and Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c) and 2 (Count 4). The case is presently before the Court on a number of pretrial motions filed by the Defendant. With respect to those motions addressed below, the Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the

1

decisional process.

In Count 1, the government alleges that Davey, as a member of a criminal enterprise known as the Outlaws Motorcycle Club ("Outlaws"), engaged in a conspiracy to commit at least two acts of racketeering activity to further the purposes of the enterprise. Counts 2 and 3 allege that Davey, also as a member of the Outlaws, conspired to, aided and abetted, and/or did assault members of the Desperados with a dangerous weapon, in violation of Virginia Code § 18.2-22 (conspiracy to commit a felony) and § 18.2-51 (malicious wounding). In Count 4, the United States maintains that Davey and other Outlaw members aided and abetted each other in furtherance of a crime of violence, namely, violence in aid of racketeering, as charged in Count 3.

In his Motion to Dismiss Counts Three and Four of the Indictment and his Amended Motion to Dismiss, Davey contends that Counts 1 through 4 of the Indictment are legally insufficient.[1] Specifically, Davey asserts that these charges are devoid of any support for the underlying crime of violence, malicious wounding under § 18.2-51. For this reason, Davey requests the dismissal of Counts 1 through 4.

The United States, in response to the Motion to Dismiss Counts Three and Four, argues that the Indictment need not enumerate specific elements of the federal or state statutes that constitute the underlying crimes of violence in a § 1959 charge. Rather, the

---

[1] In his Amended Motion to Dismiss, Davey fails to specify the nature of the insufficiency of Counts 1 and 2. Instead, Davey merely asks the Court to incorporate the arguments made in his Motion to Dismiss Counts Three and Four in reviewing Counts 1 and 2.

United States maintains that by generically identifying the underlying predicate offenses violated, § 18.2-22 (conspiracy to commit a felony) and § 18.2-51 (malicious wounding), Davey was put on notice of the precise crimes of violence alleged and therefore has no grounds for dismissal of the Indictment.

The Fourth Circuit has often noted that "[a]ny review for [an] alleged defect [in an indictment] is to be reviewed, if at all, under a liberal standard, and every indictment is . . . indulged in support of sufficiency." *United States v. Matzkin*, 14 F.3d 1014, 1019 (4th Cir. 1994) [internal citation omitted]. An indictment is sufficient "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Wicks*, 187 F.3d 426, 427 (4th Cir. 1999) [internal citation omitted]. "Generally, an indictment is sufficient if it alleges an offense in the words of the statute, assuming those words fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence." *Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887, 2908 (1974) [internal citations omitted].

However, it is not necessary that "an indictment [that] alleges a § 1959 violation based on an assault with a dangerous weapon in violation of Virginia law . . . include an offense with precisely that label or title." *United States v. Le*, 316 F. Supp. 2d 355, 360 (E.D. Va. 2004). Rather, "it is clear that Congress intended to include within the scope of § 1959, generic conduct amounting to an assault with a dangerous weapon, in violation of

3

state law regardless of what label a state may attach to that conduct." *Id.* Yet, the Court must "determine[] whether the Virginia statutes cited in the Indictment cover conduct that falls within the scope of a generic assault with a dangerous weapon." *Id.* at 362. This is done by comparing "the elements of the state statute and the elements of the violent crime, as it is generically defined." *Id.* Then, "in making this comparison, a court need not find that the elements are precisely the same, but instead must determine whether the state offense, regardless of how it is labeled, 'corresponds in substantial part' to the violent conduct." *Id.* (citing *Taylor v. United States*, 495 U.S. 575, 599, 110 S. Ct. 2143, 2158 (1990)). "If it does, the defendant may be indicted and convicted under § 1959." *Id.* at 363.

"Similarly, the same allegation must be contained in an indictment charging a violation of § 924(c), when the alleged crime of violence during which the defendant allegedly used or carried a firearm is a § 1959 violation." *Id.* at 359.

In addition, "[i]t is well settled that in an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy ... or to state such object with the detail which would be required in an indictment for committing the substantive offense." *Wong Tai v. United States*, 273 U.S. 77, 81, 47 S. Ct. 300, 301–02 (1927). More specifically to this case, the overwhelming "authority from other circuits hold[s] that an indictment under 18 U.S.C. § 1962(d), the RICO conspiracy statute, need not allege with specificity the predicate

4

racketeering offense composing the pattern of racketeering activity, but instead need only allege that defendant engaged in a pattern of racketeering activity." *United States v. Le,* 310 F. Supp. 2d 763, 780 (E.D. Va. 2004) (citing *United States v. Crockett,* 979 F.2d 1204, 1209 (7th Cir. 1992); *United States v. Glecier,* 923 F.2d 496, 500 (7th Cir. 1991); *United States v. Phillips,* 874 F.2d 123, 128 n.4 (3d Cir. 1989); *United States v. Sutherland,* 656 F.2d 1181, 1197 (5th Cir. 1981)).

In light of the controlling precedent, this Court must agree with the United States. In Count 3, Davey is charged with Violence in Aid of Racketeering, in violation of 18 U.S.C. §§ 1959 and 2. For the purposes of § 1959, five elements must be charged to set establish such an offense:

> (1) that the organization was a RICO enterprise, (2) that the enterprise was engaged in racketeering activity as defined in RICO, (3) that the defendant in question had a position in the enterprise, (4) that the defendant committed the alleged crime of violence, and (5) that his general purpose in so doing was to maintain or increase his position in the enterprise.

*United States v. Fiel,* 35 F.3d 997, 1003 (4th Cir. 1994) [internal citation omitted]. For the fourth element, the statute specifically enumerates assault with a dangerous weapon as a predicate crime of violence under § 1959. 18 U.S.C. § 1959(a).

In the Indictment, the United States set forth each required element of § 1959. In particular, for the fourth element, the United States alleged by "generic conduct amounting to an assault with a dangerous weapon, in violation of state law," that Davey committed an assault against members of the Desperados in violation of §§ 18.2-22 and 18.2-51. *Le,* 316 F. Supp. 2d at 360. Because "[a] comparison of the elements of Va.

5

Code § 18.2-51 . . . makes clear that these elements correspond in substantial part to the elements of a generic assault with a dangerous weapon," this Court must find the Indictment sufficient.[2] *Id.* at 363. Likewise, by logical extension, the use of the §1959 charge in Count 3 to establish the predicate crime of violence with respect to Count 4, Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c), is also sufficient. As a result, Davey's Motion to Dismiss Counts Three and Four of the Indictment will be denied.

In regard to Count 1, the Indictment "need not allege with specificity the predicate racketeering offense composing the pattern of racketeering activity, but instead need only allege that defendant engaged in a pattern of racketeering activity." *Le,* 310 F. Supp. 2d at 780. Thus, the United States is not required to set forth specific facts in the Indictment to support any predicate offenses as suggested by Davey.

For Count 2, the Indictment need not "allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy . . . or to state such object with the detail which would be required in an indictment for committing the substantive offense." *Wong Tai,* 273 U.S. at 81; 47 S. Ct. at 301–02. Instead, "all that is necessary in the indictment is that the object of the conspiracy be set forth sufficiently to identify the offense which the defendant is charged with conspiring to

---

[2] "The elements of a malicious or unlawful wounding under § 18.2-51—(1) a malicious or unlawful shot, cut, wound, or other bodily injury to any person (2) with the intent to maim, disfigure, disable or kill that person—are adequately similar to the elements of assault with a dangerous weapon under 18 U.S.C. § 113( c) . . . ." *Le,* 316 F. Supp. 2d at 363.

6

commit." *Matzkin*, 14 F.3d at 1019. In this case, the United States has clearly described sufficient facts to identify the offense which Davey is charged with conspiring to commit, Va. Code § 18.2-51, as the underlying offense named in Count 2. Therefore, Davey's Amended Motion to Dismiss will also be denied.

For the remaining motions, Defendant's Motion for Severance and Motion for Reconsideration of Motion for Bill of Particulars, the Court will reserve judgment until hearing oral argument on September 3, 2010, at 10:00 a.m.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Aug 20, 2010
Richmond, VA